UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

LAMARCUS VALENTINO
BERRY #461481,

    Plaintiff,                                          Hon. Jane M. Beckering

v.

                                                    Case No. 1:24-cv-233

MICHAEL DAVID ADAMS,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a county prisoner under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's pro se complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, and pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the Court **DISMISS** Plaintiff's federal claims for failure to state a claim and decline to exercise supplemental jurisdiction over his state-law claims.

## I. Background

Plaintiff is presently incarcerated at the Kent County Correctional Facility. He sues Michael Adams, an attorney. Plaintiff alleges that on June 6, 2023, Attorney Adams was appointed to represent him in a child protective proceeding pending in the Kent County Circuit Court. Plaintiff alleges that, at the hearing the same date, he told Attorney Adams that he needed to object to hearsay testimony, but Attorney Adams told him to be quiet. (ECF No. 1 at PageID.3.) Plaintiff says that he spoke up to the court about this testimony to no avail. Plaintiff alleges that Attorney Adams's ineffectiveness violated his right to due process and caused injury to his overall outcome of the proceedings. (*Id.*) Plaintiff alleges that, since the hearing, Attorney Adams has failed and/or refused to communicate with him about review hearings and a motion he wanted Attorney Adams to file. Plaintiff says that Attorney Adams's secretary gave him "the run around" over a dozen times, leading Plaintiff to file a grievance against Attorney Adams.

Plaintiff alleges that on October 5, 2023, he told Attorney Adams over the phone that he wanted Attorney Adams to withdraw from representation, but Attorney Adams refused. Plaintiff told Attorney Adams that "he would have a problem if he didn't" withdraw. (*Id.*)

On November 3, 2023, Attorney Adams filed a motion to withdraw. In his motion, Attorney Adams advised the court of his opinion that Plaintiff should not get custody of his son "due to his temperament." Plaintiff alleges that this statement harmed Plaintiff because it not only tainted the judge, who already had been biased against Plaintiff, but resulted in the court changing the goal from reunification to adoption. (*Id.*)

Plaintiff alleges that Attorney Adams's statements and conduct violated his right to due process, as well as the Michigan Rules of Professional Responsibility. He further alleges that Attorney Adams was grossly negligent and committed legal malpractice. (*Id.*)

2

For relief, Plaintiff seeks damages in the amount of $656,941.10 plus court fees, injunctive relief directing the Kent County Circuit Court to reunify Plaintiff with his son, suspension of Attorney Adams's bar license for 36 months, and disqualification of Judge Patricia Gardner from presiding over any proceedings involving Plaintiff and his son. (*Id.* at PageID.2.)

## II. Failure to State a Claim

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted).

As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the

3

court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

### III. Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff's Section 1983 claim fails for two reasons. First, Attorney Adams does not qualify as a state actor for purposes of Section 1983. "It is well-settled that a lawyer representing a client is not a state actor 'under color of law' within the meaning of § 1983." *Dallas v. Holmes*, 137 F. App'x 746, 752 (6th Cir. 2005) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981)). Even though Attorney Adams was appointed to represent Plaintiff and was paid by the State—similar to a public defender in a criminal case—such representation does not transform the attorney into a state actor. *Powers v. Hamilton Cnty. Public Defender Comm'n*, 501 F.3d 592, 611 (6th Cir. 2007) (quoting *Polk Cnty.*, 454 U.S. at 325) (stating that "public defenders do not 'act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding'"). For this reason, Plaintiff's claim against Attorney Adams should be dismissed.

In addition, Plaintiff's claim fails because "the Sixth Amendment does not provide a right to counsel in . . . civil cases." *Hardy v. Vieta*, 407 F. App'x 1, 4 (6th Cir. 2010) (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996)); *see also Rumburg v. Secretary of the Army*, No. 11-

1667, 2012 WL 7761566, at *5 (6th Cir. July 9, 2012) ("Rumburg's argument that his pro bono attorney performed ineffectively in the district court fails. In civil cases under § 1983, the claim of ineffective assistance of counsel—which is available in criminal cases and may be raised by habeas corpus—is normally not available because the Sixth Amendment does not provide a right to counsel in such civil cases."); *York v. King*, No. 97–6016, 1999 WL 455299, at *2 (6th Cir. June 23, 1999) (stating that "York simply does not have a Sixth Amendment right to the effective assistance of counsel in a civil proceeding and may not challenge an adverse judgment based upon the alleged ineffective assistance of counsel"). Because Plaintiff did not have a Sixth Amendment right to the effective assistance of counsel in the child protective proceeding, dismissal is warranted for this reason as well.

Finally, to the extent Plaintiff seeks to invoke this Court's supplemental jurisdiction over state-law claims for gross negligence and legal malpractice, I recommend that the Court decline to exercise supplemental jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state law claim solely by virtue of supplemental jurisdiction, and the federal claims are dismissed prior to trial, the court will dismiss the remaining state law claims. *See Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy

and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted)). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

Here, because the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction, I recommend that Plaintiff's state-law claims be dismissed without prejudice.

### IV. Conclusion

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A for failure to state a claim and dismiss his state-law claims without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Finally, if the Court adopts the foregoing recommendation to dismiss, the dismissal will be a dismissal as described by 28 U.S.C. § 1915(g).

Date: March 13, 2024                       /s/ Sally J. Berens
                                                                         SALLY J. BERENS
                                                                         U.S. Magistrate Judge

**NOTICE**

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).